IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, solely as successor in interest to Northbrook Excess and Surplus Insurance Company (formerly known as Northbrook Insurance Company),<br><br>    Plaintiff,<br>v.<br><br>7-ELEVEN, INC., formerly known as The Southland Corporation, TRAVELERS CASUALTY AND SURETY COMPANY, formerly known as The Aetna Casualty and Surety Company, VIGILANT INSURANCE COMPANY, and DOE COMPANIES 1-50,<br><br>    Defendants. | Case No. 3:19-cv-0552 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company ("Northbrook"), files this Complaint for Declaratory Judgment against Defendants 7-Eleven, Inc., formerly known as The Southland Corporation ("7-Eleven"), Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company ("Travelers"), Vigilant Insurance Company ("Vigilant") and DOE Companies 1-50 (collectively, "Defendants") and states as follows:

### I.   PARTIES

1. On information and belief, Defendant 7-Eleven is a Texas corporation with its principal place of business in Dallas, Texas. Plaintiff is informed and believes, and thereon alleges,

that 7-Eleven was formerly known as The Southland Corporation (collectively, 7-Eleven and The Southland Corporation, "Southland").

2. On information and belief, Defendant Travelers Casualty and Surety Company, formerly known as The Aetna Casualty and Surety Company, is a Connecticut company with its principal place of business in Connecticut.

3. On information and belief, Defendant Vigilant Insurance Company is a New Jersey company with its principal place of business in New York.

4. Plaintiff Allstate Insurance Company is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Northbrook, Illinois. It is the successor in interest to Northbrook Excess and Surplus Insurance Company, formerly known as Northbrook Insurance Company.

5. On information and belief, DOE Companies issued one or more primary or excess liability insurance policies to Southland from 1970 to 1986 that potentially provide coverage for the underlying claims at issue. Northbrook is currently without knowledge or information sufficient to form a belief as to the identities of DOE Companies. To the extent they exist, DOE Companies are named as defendants because they have an interest in the outcome of this litigation. Northbrook, Southland, Travelers, Vigilant and DOE Companies are hereinafter referred to as the "Parties."

## II.   JURISDICTION AND VENUE

6. This Court has the authority to issue the declarations sought by Northbrook pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the Parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over each Defendant because each Defendant negotiated, issued, delivered, and/or accepted delivery of insurance policies at issue in Texas.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the dispute occurred in Dallas, Texas, namely the negotiation, issuance, and delivery of the insurance policies at issue.

### III.  NATURE OF DISPUTE

10. Northbrook seeks a determination of the Parties' respective rights and obligations under three umbrella excess liability insurance policies issued by Northbrook to Southland in connection with certain environmental investigation and remediation expenses Southland has allegedly incurred at former or existing Southland gas stations owned, operated, or managed by Southland.

11. The Northbrook umbrella excess liability policies do not attach, if at all, unless and until the exhaustion of all applicable underlying insurance.

12. In September 2018, Southland sought coverage for certain environmental investigation and remediation expenses it allegedly already incurred from several insurers, including Northbrook.

13. Southland has failed to establish that Northbrook owes any current coverage obligation relative to the claimed investigation and remediation expenses.

14. Accordingly, Northbrook seeks a declaration that the limits of all applicable underlying insurance have not been exhausted, and that Northbrook has no obligation to respond

under its umbrella excess liability policies. As such, Northbrook owes no coverage obligations under its umbrella excess liability policies.

15. Northbrook seeks a declaration that it has no coverage obligation in connection with Southland's claim for coverage, because of Southland's failure to provide notice of any occurrence to Northbrook until after incurring the expenses. This is a breach of the Northbrook policies' notice and cooperation conditions, and that Southland's breach of those conditions precludes coverage under the Northbrook Policies.

16. Northbrook seeks a declaration that it has no coverage obligation in connection with Southland's claim for coverage, because those claims are excluded by the pollution exclusion contained in the Northbrook policies.

17. On information and belief, Southland disagrees with Northbrook regarding these insurance coverage issues.

### A. The Northbrook Policies

18. Northbrook issued three umbrella excess liability policies to Southland Corporation as a named insured from 1974 to 1979:

   a. Policy number 63 200 202, with a policy period of April 1, 1974 to July 1, 1976. Attached hereto as Exhibit 1 is a true and correct copy of the 1974-1976 Northbrook Policy.

   b. Policy number 63 200 494, with a policy period of July 1, 1976 to October 1, 1978. Attached hereto as Exhibit 2 is a true and correct copy of the 1976-1978 Northbrook Policy.

    c.   Policy number 63 200 763, with a policy period of October 1, 1978 to October 1, 1979. Attached hereto as Exhibit 3 is a true and correct copy of the 1978-1979 Northbrook Policy.[1]

19.    The Northbrook Policies indemnify the insured for Ultimate Net Loss in excess of the Retained Limit, subject to all other terms, conditions, and exclusions.

20.    The Northbrook Policies define Retained Limit, in relevant part, as the applicable limit(s) of the underlying policy(ies) listed in Schedule A of the policies, or the greater of either (1) the amount designated in the Declarations as Retained Limit as the result of any one occurrence not covered by the policy(ies) so listed; or (2) the applicable limit(s) of any other underlying insurance collectible by the Insured.

21.    As defined in the Northbrook Policies, Ultimate Net Loss does not include defense, investigation, settlement or legal expenses covered by underlying insurance.

22.    The Northbrook Policies contain Condition 8. Loss Payable, which provides that Northbrook owes no coverage obligation unless and until the insured, or the insured's underlying insurer, has paid the Retained Limit.

23.    The Northbrook Policies contain various exclusions and conditions which limit or bar coverage, including, without limitation, the pollution exclusion and owned, rented, or occupied property exclusion, and "other insurance" and "maintenance of underlying insurance" provisions.

### B.    The Primary Policies

24.    On information and belief, Travelers issued primary insurance policies to Southland from July 1, 1973 to October 1, 1978.

---

[1] This Complaint for Declaratory Judgment refers to the 1974-1976 Northbrook Policy, 1976-1978 Northbrook Policy, and 1978-1979 Northbrook Policy collectively as the "Northbrook Policies."

25. On information and belief, Vigilant issued primary insurance policies to Southland from February 7, 1974 to February 7, 1975.

26. On information and belief, American Motorist Insurance Company ("AMICO") issued primary insurance policies to Southland beginning on October 1, 1978.[2]

27. On information and belief, AMICO became insolvent in 2013 and is in liquidation.

28. On information and belief, DOE Companies issued one or more primary insurance policies to Southland from 1970 to 1973 that potentially provide coverage for the underlying claims at issue.

### C. The Underlying Claims and Southland's Request of Coverage

29. On information and belief, Southland has been named as a potentially liable party, or potentially responsible party with respect to one or more underlying environmental liability claim involving alleged environmental contamination at two sites ("Underlying Claims"), Store No. 14396 and Store No. 14469, which are former or existing "7-Eleven" gas stations, which are or were owned, operated, or managed by Southland ("Sites").

30. On information and belief, Southland's investigation and/or remediation of the two Sites began in or before 1991 at Store No. 14469, and in or before 1995 at Store no. 14396.

31. By letter dated September 17, 2018, Southland first notified Northbrook of the Underlying Claims, stating that it had incurred expenses in connection with investigations and remediations at the two sites. The letter sought reimbursement from Northbrook of $175,469.12 in connection with Store No. 14396 and $254,915.12 in connection with Store No. 14469 and advised that the investigations and remediations at the Sites are complete.

---

[2] This Complaint for Declaratory Judgment refers to the Travelers, Vigilant, AMICO and DOE Companies policies as the "Primary Policies."

32. On information and belief, underlying insurance, including the Primary Policies, covers the costs and expenses in connection with the Underlying Claims, and underlying insurance has not been exhausted.

### IV. CAUSES OF ACTION

#### COUNT I – Declaratory Judgment
**(No Duty to Defend or Indemnify – Underlying Insurance Not Exhausted –Against Southland)**

33. Northbrook re-alleges paragraphs 1-32 as though fully set forth herein.

34. Southland has demanded that Northbrook provide defense and indemnity coverage in respect to the Underlying Claims.

35. The Northbrook Policies are umbrella excess liability policies that indemnify the insured for Ultimate Net Loss in excess of underlying insurance, deductibles, and self-insured retentions arising out of property damage caused by an occurrence.

36. The limits of liability of all underlying insurance, deductibles, and self-insured retentions that apply to an occurrence must be exhausted before coverage can attach under the Northbrook Policies with respect to that occurrence.

37. On information and belief, all underlying insurance, deductibles, and self-insured retentions applicable to the Underlying Claims, including the Primary Policies, have not been exhausted.

38. An actual controversy exists between Southland and Northbrook regarding whether Northbrook has an obligation under the Northbrook Policies to defend Southland in respect to the Underlying Claims that arise out of the Sites.

#### COUNT II – Declaratory Judgment
**(Breach of Conditions Precedent Against Southland)**

39. Northbrook re-alleges paragraphs 1-38 as though fully set forth herein.

40. The Northbrook Policies are umbrella excess liability policies. These policies do not attach until all underlying insurance has properly exhausted for a covered occurrence.

41. The Northbrook Policies contain Condition 5. Notice of Occurrence, which states in relevant part that upon the happening of an occurrence reasonably likely to involve the Northbrook Policies, written notice shall be given as soon as practicable to Northbrook.

42. The Northbrook Policies contain Condition 6. Assistance and Co-operation, which provides that Northbrook shall have the right and opportunity to associate with the insured and the insured's underlying insurers in the defense and control of any claim or proceeding reasonably likely to involve the Northbrook Policies.

43. On information and belief, Southland's investigation and/or remediation of the two Sites began in or before 1991 at Store No. 14469, and in or before 1995 at Store no. 14396.

44. Upon information and belief, AMICO, became insolvent in 2013.

45. Southland failed to notify Northbrook of any alleged occurrence giving rise to the Underlying Claims, and failed to provide timely notice of the Underlying Claims.

46. By letter dated September 17, 2018, over twenty years after it initiated investigations and/or remediations of the two sites, Southland first notified Northbrook of the Underlying Claims, seeking coverage for expenses it had already incurred, dating back to 2008.

47. On information and belief, Southland incurred these expenses before providing notice to Northbrook and despite knowing of AMICO's insolvency.

48. Because Southland failed to timely notify Northbrook of the Underlying Claims, Northbrook was prejudiced, including but not limited to, by being deprived of the opportunity to associate in the investigation, defense, and settlement of the Underlying Claims.

49. Because Southland failed to timely notify Northbrook of the Underlying Claims, it impaired or prejudiced any right to subrogation, indemnification or contribution that Northbrook has or may have had against, among others, AMICO.

## COUNT III – Declaratory Judgment
### (No Duty to Defend or Indemnify – Underlying Insurance Not Exhausted – Against Travelers, Vigilant and DOE Companies)

50. Northbrook re-alleges paragraphs 1-49 as though fully set forth herein.

51. Southland has demanded that Northbrook provide defense and indemnity coverage in respect to the Underlying Claims.

52. Northbrook seeks a declaration of the rights and obligations of the parties under the insurance policies issued to Southland by Northbrook, Travelers, Vigilant, AMICO, DOE Companies and Southland, with regard to Southland's claim for coverage for the costs allegedly incurred in connection with the Sites.

53. Declaratory relief would determine and establish the rights and obligations of all Parties under the insurance policies issued to Southland by Northbrook, Travelers, Vigilant, AMICO, and DOE Companies, with regard to Southland's claim for coverage for the costs allegedly incurred in connection with the Sites.

## COUNT IV – Declaratory Judgment
### (Pollution Exclusion)

54. Northbrook re-alleges paragraphs 1-53 as though fully set forth herein.

55. Southland's liability in connection with the Underlying Claims arising from the Sites for which it seeks coverage from Northbrook arises out of the discharge, dispersal, release or escape of toxic chemicals, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water, which discharge, dispersal, release or escape was not sudden and accidental.

56. Therefore, coverage under the Northbrook Policies for the Underlying Claims is excluded by the pollution exclusion contained in the Northbrook Policies.

57. An actual controversy exists between Southland and Northbrook regarding whether the pollution exclusion in the Northbrook Policies excludes coverage for the Underlying Claims.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Allstate Insurance Company, solely as successor in interest to Northbrook Excess and Surplus Insurance Company ("Northbrook"), prays that this Court enter judgment in favor of Northbrook and against Southland providing the following relief:

a. Declaring that Northbrook has no obligation under the Northbrook Policies to defend Southland in connection with the Underlying Claims arising out of the Sites;

b. Declaring that, to the extent Northbrook is found to have any coverage obligation in connection with Southland's liability in connection with the Underlying Claims arising out of the Sites, Southland is not entitled to recover such costs under the Northbrook Policies until the applicable limits of all triggered primary policies have been properly exhausted;

c. Declaring that Southland breached the Northbrook Policies' notice and cooperation conditions, and that Southland's breach of those conditions precludes coverage under the Northbrook Policies;

d. Declaring the rights and obligations of all of the Parties with respect to Southland's liability in connection with the Underlying Claims arising out of the Sites;

e. Declaring that the pollution exclusion contained in the Northbrook Policies excludes coverage for Southland's liability in connection with the Underlying Claims arising from the Sites, and therefore Northbrook has no obligation under

    the Northbrook Policies to defend or indemnify in connection with the Underlying Claims;

f. Any recoverable costs in this action, including reasonable attorney's fees; and

g. Such other and further relief as this Court deems just and proper.

DATED: March 5, 2019

Respectfully submitted,

**CONDON TOBIN SLADEK THORNTON PLLC**

*/s/ Aaron Z. Tobin*
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@ctstlaw.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@ctstlaw.com
Vanessa Rosa-Kubik
Texas Bar No. 24081769
vrosa@ctstlaw.com
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone 214-691-6300
Facsimile  214-691-6311

-and-

Robert R. Anderson III (pro hac vice pending)
randerson@hsplegal.com
Daniel A. Waitzman (pro hac vice pending)
dwaitzman@hsplegal.com
**HUGHES SOCOL PIERS RESNICK & DYM, LTD.**
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
Telephone 312.580.0100
Facsimile  312.604.2635

**ATTORNEYS FOR DEFENDANT ALLSTATE INSURANCE COMPANY, SOLELY AS SUCCESSOR IN INTEREST TO NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, FORMERLY KNOWN AS NORTHBROOK INSURANCE COMPANY**